IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

MAY - 5 2016

CLERK, U.S. DISTRICT COURT

By _____
            Deputy

KENDELL SHAWN VANBELLE,      §
                            §
          Petitioner,       §
                            §
v.                          §      No. 4:14-CV-859-A
                            §
WILLIAM STEPHENS, Director,  §
Texas Department of Criminal §
Justice, Correctional        §
Institutions Division,       §
                            §
          Respondent.       §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Kendell Shawn Vanbelle, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Williams Stephens, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

## I.   Factual and Procedural History

In September 2011 petitioner was indicted in Tarrant County, Texas, Case No. 1244339D, for possession with intent to deliver four hundred grams or more of a controlled substance,

methamphetamine. Clerk's R. 2-3, ECF No. 8-2. The indictment also
included a habitual-offender notice alleging two sequential prior
felony convictions for burglary and possession of a controlled
substance, amphetamine. *Id*. On February 13, 2012, petitioner's
trial commenced. The state appellate court summarized the
evidence adduced at trial as follows:

> One early morning in November 2010, Saginaw Police
> Department (SPD) Sergeant Ruben Rucker was conducting
> surveillance on a motel room when he saw two male
> subjects, including appellant, leaving the room and
> walking to a pasture area. Although Sergeant Rucker
> could not see the subjects once they reached the
> pasture (because a fence line and trees blocked his
> view), he could hear them talking. After staying in the
> pasture for ten to fifteen minutes, the subjects
> returned to the motel room. As appellant was walking
> back to the motel room, he was carrying a green gym
> bag. The subjects stayed in the room for a few minutes
> and then left again as appellant carried what appeared
> to be the same green gym bag that he had brought to the
> motel room minutes earlier.

> Shortly after the subjects disappeared from
> Sergeant Rucker's view, he heard a loud banging noise
> coming from the area in the motel's parking lot where
> the subjects had walked. Because of Sergeant Rucker's
> concern that he was hearing a break-in of a car, he
> called for assistance.

> SPD Officer Derek Garretson arrived and found a
> van that contained the two people that Sergeant Rucker
> had seen entering and leaving the motel room. Appellant
> was on the floorboard in the middle of the van and was
> attempting to hide himself with what appeared to be a
> blanket. The other man was in the front of the van and
> was pretending to be asleep. The bag that appellant had
> carried to and from the motel was within reach of

2

either man. Upon Officer Garretson's request, the men
got out of the van.

When Sergeant Rucker went to the van, appellant
gave him "several accounts of whose van it was."
Sergeant Rucker asked appellant whether he had been to
the motel, and appellant initially denied that he had
been there but later admitted going there and gave
Sergeant Rucker several reasons why he had gone there.
Appellant said that the sliding door on the van was
broken and that he had to "beat on it to get in."
Appellant also said that he had keys to the van and
that he did not care if officers searched it.

Officer Garretson opened the driver's side door to
the van, immediately felt a burning sensation on his
face, and smelled an "acetone[-]based [odor], mixed
with gasoline." The odor burned the inside of Officer
Garretson's nose, his throat, and his skin. Sergeant
Rucker also smelled the chemical odor. Sergeant Rucker
was concerned about whether the chemicals were
hazardous, so he called the fire department and told
Officer Garretson to back away from the van. The fire
department ventilated the van and found the duffel bag
that Sergeant Rucker had seen appellant carrying, a
glass jar with a substance in it, coffee filters, drain
cleaner, lighter fluid, a gas can, and a plastic bottle
with a pink vomit-looking substance in it. Because
Sergeant Rucker believed that the van contained drugs
or materials used to manufacture drugs, he called a
narcotics task force for assistance.

Timothy Wing, a Mansfield police officer who had
been assigned to investigate narcotics offenses as part
of the task force since 2004 and had taken courses on
investigating drug labs, arrived at the scene. Officer
Wing believed that items that he saw in the van were
being used for a "shake and bake method of
methamphetamine production." Officer Wing transferred
liquid contents of the glass jar and of the three-liter
plastic bottle into chemically resistant evidence
collection jars. Also, Officer Wing found a coffee
filter containing a white powdery substance that

3

presumptively tested positive for methamphetamine, a
plastic strainer, a funnel, unused "deal baggies," wire
cutters, four lithium batteries, salt, and some rubber
tubing. A forensic chemist analyzed the liquid and
solid substances found in the van and determined that
they comprised more than four hundred grams of
methamphetamine.

A grand jury indicted appellant with possessing
methamphetamine while having the intent to deliver it
and, in another count, with simply possessing
methamphetamine. Appellant pled not guilty to both
counts. At trial, appellant testified that the van
belonged to friends of his, Will and Lena, who had been
"helping [him] out"; that someone else had driven him
to the motel, where he had visited other friends; that
Lena had driven the van to the motel to pick him up;
that she had later gone to a bar across the street
while he had slept in the van and had waited for her;
and that at the time that the police had approached the
van, Lena was across the street in the bar. Appellant
denied that he had carried the green gym bag to the
motel, stated instead that he had possessed and carried
a blue bag containing his clothes, denied that he had
ever touched the items containing methamphetamine,
denied that he ever had the keys to the van, disputed
Sergeant Rucker's testimony that he left the motel
shortly before being discovered in the van, stated that
he did not know the source of the loud banging noise
that Sergeant Rucker had heard, and expressed that he
only noticed a smell in the van when Officer Garretson
opened a bottle.

After hearing all of the evidence and arguments
from the parties, the jury convicted appellant of
possessing methamphetamine with intent to deliver it.
The jury then listened to more evidence concerning
appellant's punishment and assessed ninety-nine years'
confinement.

Adm. R., Mem. Op. 2-6, ECF No. 7-4 (footnotes omitted).

The court affirmed the trial court's judgment, and the Texas

Court of Criminal Appeals refused Petitioner's petition for

discretionary review. *Id.*, Mem. Op. 12 & Docket Sheet, ECF Nos.

7-4 & 7-2. Petitioner also filed a state habeas application

challenging his conviction, which was denied without written

order by the Texas Court of Criminal Appeals. *Id.*, Action Taken,

ECF No. 8-6. This federal petition followed.

## II.  Issues

In four grounds for relief, petitioner claims–

(1)   There was no evidence that he is guilty of
      delivery and the Texas Court of Criminal Appeals
      failed to settle the question as required by rule
      66.3 of the Texas Rules of Appellate Procedure[1];

(2)   there is no evidence that a delivery occurred or
      that he was in possession of a controlled
      substance;

(3)   The statute under which he was convicted is
      inherently vague and ambiguous; and

(4)   He is actually and factually innocent.

---

[1]Rule 66.3(b) provides:

66.3 Reasons for Granting Review. While neither controlling
nor fully measuring the Court of Criminal Appeals' discretion, the
following will be considered by the Court in deciding whether to
grant discretionary review:

. . .

(b) whether a court of appeals has decided an
important question of state or federal law that has not been, but
should be, settled by the Court of Criminal Appeals; . . . .

TEX R. APP. P. 66.3.

Pet. 6-7, ECF No. 1.

### III. Rule 5 Statement

Respondent does not believe that the petition is barred by limitations or subject to the successive-petition bar, but does believe that Petitioner has not sufficiently exhausted his state court remedies as to his second claim insofar as he claims there is no evidence to show he was in possession of a controlled substance. Resp't's Answer 6, ECF No. 1; 28 U.S.C. §§ 2244(b), (d), 2254(b)(1).

### IV. Discussion

### A. Legal Standard for Granting Habeas Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court precedent or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter*, 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of

claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as in this case, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir.2002); *Valdez v. Cockrell*, 274 F.3d 941,

---

[2] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

948 n.11 (5th Cir. 2001).

## B. Sufficiency of the Evidence

Under his first and second grounds, petitioner claims there was no evidence or insufficient evidence that he possessed or delivered a controlled substance and that the Texas Court of Criminal Appeals failed to settle the question as required by rule 66.3 of the Texas Rules of Appellate Procedure. Under his fourth ground, petitioner claims he is "actually and factually innocent" because it was dark outside, Officer Rucker's view was obstructed, and the state presented no evidence, such as surveillance recordings, fingerprints or DNA, otherwise linking him to the duffelbag and its contents. Pet'r's Mem. 12, ECF No. 1.

To the extent petitioner claims there was no evidence or insufficient evidence that he was in *possession* of a controlled substance, respondent asserts the claim is unexhausted and procedurally barred. Resp't's Answer 7-9, ECF No. 11; 28 U.S.C. § 2254(b)(1)(A); *Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000). Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion

requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state, the Texas Court of Criminal Appeals here, on direct appeal or in state post-conviction proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).

The record reflects that on direct appeal petitioner challenged only the sufficiency of the evidence to prove that a *delivery* had occurred. In his state habeas application, he included, for the first time, a claim(s) challenging the sufficiency of the evidence to prove possession. Adm. R., Writ WR-81,902-01, Pet'r's Mem. 24, ECF No. 8-7. Under Texas law, however, a sufficiency-of-the-evidence claim may only be raised on direct appeal and may not be raised in a state habeas proceeding. *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Clark v. Texas* 788 F.2d 309, 310 (5th Cir. 1986); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). The Texas Court of Criminal Appeals has confirmed that when a state habeas applicant challenges the sufficiency of the evidence for the first time in a state habeas application, and it subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the

claim is not cognizable. *Ex parte Grigsby,* 137 S.W.3d at 674. In these circumstances, reliance on the procedural default by the state court is established and presents an adequate state procedural ground barring federal habeas review. *Ylst v. Nunnemaker,* 501 U.S. 797, 801-07 (1991).

Therefore, as petitioner raised his sufficiency claim as to possession in the state's highest court only in his state habeas application, the Texas Court of Criminal Appeals's denial of the application was based on an independent and adequate state procedural ground such that his sufficiency claim is procedurally defaulted. *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004); *Ex parte Grigsby,* 137 S.W.3d at 674. Consequently, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated by petitioner, the claim is procedurally barred from this court's review. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Smith v. Johnson,* 216 F.3d 521, 523-24 (5th Cir. 2000).

To the extent petitioner claims the Texas Court of Criminal Appeals violated rule 66.3 of the Texas Rules of Appellate Procedure, the claim merely attacks a purported defect in state procedure. Such claims fail to raise a federal constitutional issue cognizable on federal habeas review. *Castillo v. Johnson,*

141 F.3d 218, 222 (5th Cir. 1998). Similarly, respondent correctly notes that petitioner's claim that he is "actually and factually innocent" may not be brought as an independent ground for federal habeas relief. *Herrera v. Collins,* 506 U.S. 390, 400 (1993). "Actual innocence" is not a free-standing ground for habeas corpus relief. *Foster v. Quarterman,* 466 F.3d 359, 367 (5th Cir. 2006); *Dowthitt v. Johnson,* 230 F.3d 733, 741-42 (5th Cir. 2000), *cert. denied,* 532 U.S. 915 (2001). The Supreme Court reaffirmed in *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013), that it has not resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual innocence. Until that time, such a claim it not cognizable on federal habeas review. Thus, the discussion below is limited to petitioner's claim that there was no evidence or insufficient evidence that a delivery occurred.

Claims of "no evidence" or insufficient evidence to support a conviction are reviewed under the legal-sufficiency standard set out in *Jackson v. Virginia,* 443 U.S. 307 (1979); *Haley v. Cockrell,* 306 F.3d 257, 266-67 (5th Cir. 2002). Under this standard, a court views all the evidence in the light most favorable to the prosecution in determining whether any rational trier of fact could have found the existence of facts necessary

11

to establish the essential elements of the offense beyond a

reasonable doubt. *Jackson,* 443 U.S. at 318-19. Direct and

circumstantial evidence adduced at trial, as well as all

inferences reasonably drawn from it, is viewed in the light most

favorable to the verdict. *United States v. Sanchez,* 961 F.2d

1169, 1173 (5th Cir. 1992). The jury is the final arbiter of the

weight of the evidence and of the credibility of witnesses.

*United States v. Barksdale-Contreras,* 972 F.2d 111, 114 (5th Cir.

1992).

> Petitioner claims—
>
> The trial court submitted to the Jury the charge of
> delivery of a controlled substance in count one,
> appellant was charged with possession of a controlled
> substance in counrt [sic] one, the jury found appellant
> guilty of delivery, even though their [sic] is
> absolutely NO evidence in the entire record that a
> delivery occurred.
>
> And,
>
> A review of all the evidence in the light most
> favorable to the verdict shows that no rational trier
> of fact could have found the elements of a crime beyond
> a reasonable doubt. There is NO evidence that in the
> entirety of the record that a delivery occured [sic] .
> . . .

Pet. 6, ECF No. 1.

> The state appellate court addressed the issue as follows:
>
> In his first issue, appellant contends that the
> evidence is insufficient to support his conviction.

12

Specifically, he argues that because of language in the jury charge, the State was required to prove that he actually delivered methamphetamine rather than only possessing methamphetamine with the intent to deliver it. He contends that the "charge did not allow for a finding of possession with intent to deliver. The jury's only choice was either delivery or plain possession."

The first count of appellant's indictment alleged that he "INTENTIONALLY OR KNOWINGLY POSSESS[ED] A CONTROLLED SUBSTANCE, NAMELY: METHAMPHETAMINE, OF FOUR HUNDRED GRAMS OR MORE, INCLUDING ANY ADULTERANTS OR DILUTANTS, WITH INTENT TO DELIVER SAID CONTROLLED SUBSTANCE[.]" In front of the jury, appellant pled not guilty to this charge. In the State's opening statement and closing argument, it reminded the jury that appellant was charged with possessing methamphetamine while intending to deliver it. The jury charge stated, in part,

> The defendant . . . stands charged by indictment . . . with the offense of delivery of a controlled substance . . . .

> A person commits the offense of "delivery of a controlled substance" if the person knowingly possesses with intent to deliver a controlled substance and the amount of the controlled substance possessed is by aggregate weight, including adulterants or dilutants, 400 grams or more.

> . . . .

> Now, if you find from the evidence beyond a reasonable doubt that . . . the defendant . . . did intentionally or knowingly possess . . . methamphetamine . . . with intent to deliver said controlled substance then you will find the defendant guilty of the offense of delivery of a controlled substance as charged in count one

13

of the indictment.

Appellant contends that because the jury charge stated that the crime at issue was "delivery of a controlled substance," the "jury found [him] guilty of delivery, even though there is absolutely no evidence in the entire record that a delivery occurred." We disagree with appellant's argument that the State was required to prove that he delivered methamphetamine. The offense supporting appellant's conviction is titled "Manufacture or Delivery of Substance in Penalty Group 1." TEX. HEALTH & SAFETY CODE ANN. § 481.112. A person commits the offense of "Manufacture or Delivery" if the person "knowingly manufactures, delivers, *or possesses with intent to deliver* a controlled substance listed in Penalty Group 1." *Id.* § 481.112(a) (emphasis added); *see Lopez v. State*, 108 S.W.3d 293, 297 (Tex. Crim. App. 2003) (explaining that "[u]nder Texas Health & Safety Code Section 481.112(a), a person commits the offense of . . . *delivery* . . . if he 'knowingly manufactures, delivers, *or possesses with intent to deliver*'") (emphasis added); *see also Guerrero v. State*, 305 S.W.3d 546, 557 n. 18 (Tex. Crim. App. 2009) (noting that the title of a statute does not limit or expand its meaning).

It is clear to us that the jury charge in this case correctly tracked the indictment and conveyed both the title and substance of section 481.112 by stating that appellant could be convicted of the offense of "delivery" of a controlled substance by possessing while intending to deliver methamphetamine.[8] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a). Further, the application paragraph, which is the "heart and soul" of the jury charge, correctly instructed the jury to convict appellant if it found beyond a reasonable doubt that he intentionally or knowingly possessed four hundred or more grams of methamphetamine with the intent to deliver it. The application paragraph did not purport to require an actual delivery for a conviction under section 481.112, and a hypothetically correct jury charge, being authorized by the indictment and not unnecessarily restricting the State's theory of

14

liability, would not do so either.

⁸In the State's closing argument, a prosecutor properly told the jury,

> Now, when the Court was reading the Court's Charge to you, some of you may have noticed on the verdict form she said delivery of a controlled substance. Don't let that throw you. That's a quirk of the way the statute is worded. It covers delivery or possession with intent to deliver.

In *Brackens v. State,* applying section 481.112, the Waco court of appeals rejected an argument similar to the argument made by appellant in this case, stating,

> Brackens complains that the evidence was legally insufficient to support his convictions for Manufacture or Delivery of a Controlled Substance because in each case he confessed only to possession with intent to deliver cocaine, which comported with the facts alleged in the indictment. The State argues that possession with intent to deliver is a means of committing the offense of Manufacture or Delivery of a Controlled Substance. We agree with the State.

> The Health and Safety Code defines the offense of "Manufacture or Delivery of Substance in Penalty Group 1" as follows:

> > (a) Except as authorized by this chapter, a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1.

> . . . Because Brackens confessed to

possession with intent to deliver, we find
the evidence legally sufficient.

Nos. 10-00-00351-CR, 10-00-00352-CR, 2004 WL 444551, at
*2 (Tex. App.-Waco Mar.10, 2004, no pet.) (mem. op.,
not designated for publication). We conclude, as the
*Brackens* court did, that the evidence is sufficient to
support appellant's conviction for manufacture or
delivery of methamphetamine under section 481.112(a)
if, viewing the evidence in the light most favorable to
the verdict, a rational trier of fact could have found
the essential elements of the crime—that appellant
possessed more than four hundred grams of
methamphetamine while intending to deliver it—beyond a
reasonable doubt. *See id.; see also Jackson v.
Virginia,* 443 U.S. 307, 319 (1979); *Wise v. State,* 364
S.W.3d 900, 903 (Tex. Crim. App. 2012).

Appellant contends only that the "record contains
no indication of any delivery of any controlled
substance"; he does not expressly challenge the
sufficiency of the evidence to establish that he
possessed the methamphetamine while intending to
deliver it, nor does he provide analysis of the
evidence concerning possession with intent to deliver.
Thus, having rejected the only argument made by
appellant in his first issue, we overrule that issue.

Adm. R., Mem. Op. 5-10, ECF No. 7-4 (footnotes 5, 6, 7 and 9

omitted).

Deferring to the state courts' interpretation of its own

law, as this court must, the state court's adjudication of the

claim was a reasonable application of *Jackson. Weeks v. Scott,* 55

F.3d 1059, 1063 (5th Cir. 1995).

## C. Texas Health and Safety Code § 481.112(a)

Under his third ground, petitioner claims Texas Health and

Safety Code § 481.112(a) is inherently vague and ambiguous, in violation of the United States and Texas Constitutions, because possession and delivery are separate and distinct offenses. Pet. 7 & Pet'r's Mem. 5, ECF No. 1. As noted in the state appellate court's memorandum opinion, § 481.112(a) provides:

> Except as authorized by this chapter, a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1.

TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010).

To the extent petitioner's claim raises a possible violation of the Texas Constitution, such claims are not cognizable on federal habeas review. *Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998). Further, as a federal constitutional matter, statutes are presumed to be constitutional. *Goldblatt v. Town of Hempstead*, 369 U.S. 590, 594 (1962). Courts should interpret statutes in a manner that supports their constitutionality. *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963). A statute is unconstitutionally vague only if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972). Section 481.112(a) as written is sufficient to give potential offenders

17

fair notice of the conduct that is prohibited.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED May ___5___, 2016.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE